IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JESSE FRANCIS** | * | |
| *Plaintiff,* | * | |
| v. | * | **Civil Case No. 1:25-cv-03064-JMC** |
| **FRANK BISIGNANO,** Commissioner of Social Security | * | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Jesse Francis ("Plaintiff") petitioned this Court on September 16, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1). In a Memorandum Opinion and Order dated June 22, 2026, the Court affirmed the SSA's decision. (ECF No. 18). On July 6, 2026, Plaintiff requested that the Court alter its Opinion and Order under Local Rule 105.10, which imposes the same standard as Federal Rule of Civil Procedure 59(e). (ECF No. 19). The Motion is fully briefed (ECF Nos. 19, 20)[1] and no hearing is necessary. See Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, the Plaintiff's Motion for Reconsideration (ECF No. 19) is DENIED.

## I.    BACKGROUND

Plaintiff filed his Title II application for DIB on August 30, 2021, alleging disability as of November 19, 2019. (Tr. 19).[2] Plaintiff's claim was denied initially on February 9, 2022, and again

---

[1] A reply brief, if any, was due August 3, 2026. Plaintiff did not file a timely Reply brief.
[2] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

1

upon reconsideration on February 8, 2023. *Id.* at 98-11, 107-110. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 113-14. ALJ Clary Simmonds conducted a telephone hearing on November 14, 2023. *Id.* at 16-40. The ALJ subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame on January 5, 2024. *Id.* The Appeals Council affirmed ALJ Forrest-Doyle's decision on March 18, 2024. *Id.* at 2-8. Plaintiff filed an action for judicial review, and on December 5, 2024, the Court remanded the case for further administrative proceedings. *Id.* at 4964-67. On December 11, 2024, the Appeals Council vacated the final decision and remanded the case to an ALJ. *Id.* at 4968-4973.

In a Memorandum Opinion and Order dated May 11, 2026, the Court affirmed the case because the ALJ's analysis of the medical records accounted for all functions relevant to the case and reached an RFC of light work consistent with Plaintiff's ability to lift, carry, push, pull, walk, sit, and stand. (ECF No. 18 at 8). In reaching its conclusion, the Court looked to several other opinions from this Court in which ALJs considered a plaintiff's exertional capability by way of addressing the persuasiveness of medical records that discussed the same. *See id.* On the issue of Plaintiff's concentration, persistence, and pace, the Court concluded that the ALJ's reasoning did not run afoul of *Mascio v. Colvin* in view of *Shinaberry v. Berryhill*. *Id.* To that end, the Court considered the ALJ's analysis of Plaintiff's ability to maintain concentration, pace, and persistence at Steps Two and Three, ultimately finding that the ALJ did not fail to explain why further limitation would not be necessary in the RFC analysis. Plaintiff disagrees with these findings.

II.    **STANDARD OF REVIEW**

Federal Rules of Civil Procedure 52(b) and 59(e) provide the procedural mechanism for a court to alter or amend a prior judgment.  Fed. R. Civ. P. 52(b) and 59(e). As recently reiterated by the Fourth Circuit in *Chavez-Deremer v. Medical Staffing of America*, LLC, Rule 52(b) is meant to "correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." 147 F.4[th] 371, 414 (4th  Cir. 2025) (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). "Nor does it allow a party "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id. (citing Fontenot*, 791 F.2d at 1219).  Similarly, there are three recognized circumstances in which the district court can grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993).

Although Plaintiff sets forth its disagreements with this Court's analysis, those disagreements largely amount to a reassertion of the arguments rejected by this Court, now offered in greater detail.  The Court therefore concludes that the rigors of the rules are not met, and no alteration or amendment is appropriate.

### III.    ANALYSIS

Plaintiff argues that Rule 59(e) relief is proper because the Court overlooked the precise legal defect raised in Plaintiff's briefing.  (ECF No. 19 at 2).  However, the purported legal defect is the same argument the Court considered and rejected previously.  As such, Plaintiff repeats his argument that the ALJ failed to properly consider Plaintiff's exertional capacity through a function by function analysis.  *Id.* Having reviewed the Court's reasoning, Plaintiff argues that the Court

conflated two requirements by reasoning that the ALJ did adequately consider the exertional abilities by way of assessing the medical records.  Ultimately, the Court noted that if there was any error, it was harmless, because of the ALJ's pattern of reasoning that provided for meaningful judicial review.  Although Plaintiff disagrees with that outcome, Plaintiff does not address the case law the Court considered which applied similar reasoning.  The reiteration of the factual arguments Plaintiff made initially are no more compelling now than they were then, and Plaintiff has not pointed the Court to a manifest error in view of the cases cited in the Court's memorandum.  *See Carmen F. v. Bisignano*, Civil No. AAQ-25-0001, 2026 WL 772056, at *5 (D. Md. Mar. 19, 2026); *Sheena W. v. Kijakazi*, Civil No. 22-2377-BAH, 2023 WL 4456908, at *3 (D. Md. Jul. 11, 2023) (concluding that an ALJ's RFC was sufficient when the ALJ considered but rejected medical opinions that expressly contemplated the work-related activities); *Bell v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1351, 2017 WL 2416906, at *3 (D. Md. June 2, 2017) (finding ALJ's RFC to be supported by substantial evidence where "medical opinions...explicitly discuss[ed the claimant's] function-by-function exertional limitations and support[ed] the ALJ's RFC determination," enabling "meaningful review" of the decision). Where Plaintiff argues the Court's view of the ALJ's reasoning constitutes error, Plaintiff does not explain how the case law that guided the same constitutes error.  To the extent that Plaintiff does argue the case law under his concentration, persistence, and pace argument, those arguments have already been considered and rejected.  The Court remains unpersuaded that the ALJ failed to consider exertional capabilities and finds Plaintiff's argument to be a mischaracterization of the record.  Similarly, the Court understands that Plaintiff disagrees with the conclusion that the ALJ's concentration, persistence, and pace analysis is more like *Shinabery v. Berryhill* than *Mascio v. Colvin.*  In total, the Court finds this argument a mere reiteration of the arguments already considered and rejected, now

4

directed at the Court's reasoning.  Therefore, the Court finds no clear error under the high bar Rule 59(e) imposes.

The Motion for Reconsideration (ECF No. 19) is accordingly DENIED.

## IV.    CONCLUSION

For the foregoing reasons, it is this 5th day of August 2026 so ORDERED that the Motion for Reconsideration (ECF No. 19) is DENIED.


Dated: August 5, 2026                                             /s/
                                                                J. Mark Coulson
                                                                United States Magistrate Judge